**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSE FRANCISCO CHIMBAY LOJANO,<br><br>*Petitioner*,<br><br>v.<br><br>WARDEN, DELANEY HALL DETENTION FACILITY,<br><br>*Respondent*. | Civil Action No. 26-09028<br><br>**ORDER**<br><br>August 19, 2026 |

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Petitioner Jose Francisco Chimbay Lojano ("Petitioner"), pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his immigration detention (ECF No. 1); and

**WHEREAS**, Petitioner is a native and citizen of Ecuador who entered the United States on or about September 2, 2023, seeking protection from alleged persecution in Ecuador, and thereafter resided in Irvington, New Jersey, with his family (*id.* ¶¶ 11–12); and

**WHEREAS**, Petitioner alleges that he timely filed an Application for Asylum and for Withholding of Removal, that his removal proceedings remain pending before the Immigration Court, that his next immigration hearing is scheduled for December 9, 2026, and that he was issued employment authorization permitting him to lawfully work while those proceedings remain pending (*id.* ¶¶ 16–19); and

**WHEREAS**, Petitioner alleges that he complied with all immigration reporting requirements, attended each scheduled ICE reporting appointment, submitted to biometrics and

fingerprinting, and never attempted to flee or evade immigration authorities (*id.* ¶¶ 20–21); and

**WHEREAS**, Petitioner further alleges that, prior to his detention, he lawfully worked in the construction industry in New Jersey, supported his family through that employment, and filed federal and state income tax returns (*id.* ¶¶ 22–25); and

**WHEREAS**, Petitioner alleges that, on July 17, 2026, immigration officers arrested him while he was working in Irvington, New Jersey, and that he was not provided a meaningful explanation or documentation regarding the basis for his arrest at that time (*id.* ¶¶ 26–32); and

**WHEREAS**, Petitioner further alleges that he has never been arrested, charged with, or convicted of a criminal offense, possesses a valid New Jersey driver's license, and has complied with the laws of the United States and all applicable immigration requirements (*id.* ¶¶ 33–37); and

**WHEREAS**, Petitioner alleges that his continued detention has caused significant financial and emotional hardship to his wife and two children by preventing him from working and providing financial support (*id.* ¶¶ 38–41); and

**WHEREAS**, Respondents contend that Petitioner's detention is authorized under 8 U.S.C. § 1225(b)(1) because he was initially encountered near the United States border on September 2, 2023, placed into expedited removal proceedings and expressed a fear of persecution (ECF No. 8 at 2); and

**WHEREAS**, Respondents represent that Border Patrol determined Petitioner to be inadmissible under INA § 212(a)(7)(A)(i)(I), processed him for expedited removal, released him on an order of recognizance pending a credible fear interview (*id.*); and

**WHEREAS**, Respondents further represent that on December 30, 2024, an asylum officer found that Petitioner demonstrated a credible fear of persecution or torture and a Notice to Appear was issued, after which his asylum application remained pending before an Immigration Judge

(*see id.*, Ex. 3); and

**WHEREAS**, on May 13, 2026, Petitioner's Employment Authorization Document application was approved by United States Immigration and Citizenship Services (ECF No. 8 at 2); and

**WHEREAS**, Respondents represent that Immigration Officials re-encountered and detained Petitioner on July 17, 2026, at which time he was transferred to Delaney Hall Detention Facility (*id.*); and

**WHEREAS**, Respondents further assert that, Petitioner's detention is mandatory pending removal proceedings under U.S.C. § 1225(b)(1)(B)(ii), which states that if an asylum officer "determines *at the time of the interview* that an alien has a credible fear of persecution […] the [non-citizen] shall be detained for further consideration of the application for asylum" (emphasis added) (*id.* at 3); and

**WHEREAS**, the Court has reviewed the Petition (ECF No. 1), and the Response (ECF No. 8) and decides the matter on statutory grounds; and

**WHEREAS**, Petitioner is being unlawfully detained under 8 U.S.C. § 1225. However, as set forth in this Court's recent decision in *Bethancourt Soto v. Soto*, 807 F. Supp. 3d 397 (D.N.J. 2025), Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond; and

**WHEREAS**, the Court notes that federal courts have in near unanimity similarly rejected the Government's position in approximately 300 cases to date. *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. Nov. 18, 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that

§ 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); and

**WHEREAS**, under these circumstances, "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediately release him and enjoin the Government from further similar transgressions." *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained[.]" (*Id.* at 366.) The Court declines to allow *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. *See, e.g.*, *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 782(E.D. Mich. 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning."); therefore

**IT IS,** on this **19th** day of **August 2026**,

1. **ORDERED** that Petitioner's § 2241 Petition (ECF No. 1) is **GRANTED**; and it is further
2. **ORDERED** that Respondents shall **RELEASE** Petitioner within 24 hours of this Order, under the same conditions that existed prior to his detention; and it is further
3. **ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further
4. **ORDERED** that Respondents are **ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further
5. **ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further
6. **ORDERED** that the Clerk of the Court shall **CLOSE** this case.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**